IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BOURGEOIS, (TDCJ-CID #1379715) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-07-0686 |
| BRANDA MCFARLAND, Defendant. | § § § § | |

## MEMORANDUM ON DISMISSAL

David Bourgeois, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in February 2007, alleging civil rights violations resulting from the denial of access to the courts. Bourgeois, proceeding *pro se* and *in forma pauperis*, sues Branda McFarland, mailroom supervisor at the Pack I Unit.

The threshold issue is whether Bourgeois's claims should be dismissed as frivolous. The court concludes that they lack merit and should be dismissed for the reasons stated below.

### I.    Plaintiff's Allegations

Bourgeois states that on October 8, 2006, he gave Officer McFarland four pieces of legal mail. The correspondence was addressed to the federal courts, the Federal Bureau of Investigation, and "legislative people." (Docket Entry No. 9, Plaintiff's More Definite Statement, p. 5). Bourgeois asserts that Officer McFarland intentionally destroyed and discarded his legal mail. Bourgeois states that he knows Officer McFarland destroyed his

legal mail because the "federal people" told Bourgeois that they had not received his correspondence. (*Id.*).

At the time Officer McFarland allegedly destroyed his legal mail, Bourgeois states he was working on his criminal case. Bourgeois does not provide the cause numbers. When asked to list the parties and the basic claims, Bourgeois responds, "Not Applicable." Bourgeois states that as a result of Officer McFarland's conduct, he had to refile the documents. When asked how he was harmed, Bourgeois states that his paperwork was damaged. Bourgeois states that Officer McFarland committed a crime that is punishable with up to five years in prison.

Bourgeois asks this court to prosecute Officer McFarland and award him $60,000 in punitive damages.

## II.     Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. As a suit by a prisoner against a prison official, Bourgeois's complaint is clearly within the ambit of § 1915A.

2

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

### III.   The Claim Based on the Denial of Access to the Courts

The right of access to the courts is a fundamental constitutional right grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due process clauses. *See Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1993). "Any deliberate impediment to access, even delay of access, may constitute a constitutional deprivation." *Jackson v. Procunier,* 789 F.2d 307, 311 (5th Cir. 1986). To prevail on a denial of access to the courts claim, a plaintiff suing under Section 1983 must establish that he has been prejudiced in connection with some identifiable past, pending, or proposed legal proceeding. *See Lewis v. Casey,* 518 U.S. 343, 349-53 (1996).

In the case at bar, Bourgeois states that he was denied access to the courts because Officer McFarland destroyed his legal mail. (Docket Entry No. 9, Plaintiff's More Definite Statement, p. 2). Bourgeois states he was working on his criminal case at the time Officer

3

McFarland destroyed his legal mail. In response to this court's interrogatories, Bourgeois stated that his paperwork was damaged and that he had to refile certain documents.

As noted, Bourgeois complains of the destruction of legal mail in October 2006. A national prisoner index reveals that Bourgeois has filed thirty-four civil rights lawsuits. The earliest lawsuit was filed in this court on October 10, 2006, Civil Action Number 4:06-3255 and the most recent was filed in the Northern District on May 7, 2007, Civil Action Number 7:07-68. Court records show that soon after the alleged denial of access to the courts on October 8, 2006, Bourgeois filed one suit in October 2006, Civil Action Number 4:06-3255; one suit in November 2006, Civil Action Number 4:06-3476; and five suits in December 2006, Civil Action Numbers 7:06-207, 3:06-2294, 4:06-4100, 4:06-4101, and 4:06-4103. Though Bourgeois claims he was working on his criminal case, there is no indication that he filed a petition for a writ of habeas corpus. When asked to provide the case number of the case he was working on at the time of the denial of access to the courts, Bourgeois responded that it was not applicable. (Docket Entry No. 9, Plaintiff's More Definite Statement, p. 2).

Bourgeois does not explain how the denial of access to the courts caused him to lose the right to commence, prosecute, or appeal any suit. Bourgeois has failed to demonstrate prejudice as a result of Officer McFarland's conduct. Bourgeois's access to the courts claim is therefore DISMISSED as frivolous.

## IV. Conclusion

The action filed by David Bourgeois (TDCJ-CID Inmate #1379715) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1). Any remaining pending motions are DENIED as moot.

The TDCJ-CID shall continue to deduct twenty percent of each deposit made to Bourgeois's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on May 23, 2007.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE